**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 09 2015



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL C. TIERNEY, | No. 11-16643 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00369-JMS-KSC |
| v. | |
| UNKNOWN DENTIST; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted February 17, 2015
Honolulu Hawaii

Before: TASHIMA, N.R. SMITH, and FRIEDLAND, Circuit Judges.

Michael C. Tierney appeals the district court's order denying him in forma

pauperis status and dismissing his complaint for failure to pay the filing fee.

Tierney's 42 U.S.C. § 1983 action primarily alleged that prison officials withheld

dental treatment in violation of the Eighth and Fourteenth Amendments.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

In its dismissal order, the district court held that Tierney (who has had at least three prior cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted) failed to demonstrate he was "under imminent danger of serious physical injury," 28 U.S.C. § 1915(g), which is a necessary prerequisite to proceeding in forma pauperis. We review "[t]he district court's interpretation and application of § 1915(g)" de novo. *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005).

In his pro se complaint, which we are bound to construe liberally, *see Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011), Tierney alleged extreme and continuing pain, inability to sleep, and infection of his gums. Tierney's allegations were sufficient to demonstrate that he was under imminent danger of serious physical injury, and the district court erred in suggesting that Tierney's rejection of the prison's offer of tooth extraction precluded him from alleging imminent harm. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055-57 (9th Cir. 2007). Accordingly, the district court erred in denying Tierney in forma pauperis status and dismissing his complaint for failure to pay the filing fee.

The district court also held that Tierney failed to state a claim upon which relief could be granted.[1] We agree that, as presently alleged, Tierney's complaint does not state a claim for relief under § 1983. Tierney's complaint fails to state an Eighth Amendment claim because he has not alleged that the offered extraction was medically unacceptable under the circumstances. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). His denial of access to courts claim also fails because he has not identified any harm caused by the refusal to identify the dentist. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Finally, Tierney has not stated a claim under the Equal Protection Clause because he has not identified a protected class of which he is a member. However, the district court failed to find that the complaint "could not be cured by the allegation of other facts," warranting remand for further consideration of Tierney's § 1983 claims. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Because it is not "absolutely clear that the deficiencies of the complaint could not be cured by amendment," *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995), we vacate the district court's

---

[1]The district court dismissed the complaint "without prejudice to Plaintiff filing a complaint in a new case accompanied by the full . . . filing fee." The court's order also stated that Tierney's § 1983 claims were dismissed for failure to state a claim, thus suggesting that the case was dismissed with prejudice as to the merits. Therefore, when reviewing the order, the district court's intentions are not clear.

dismissal order in its entirety, reinstate Tierney's complaint without prejudice to the opportunity to amend, and remand to the district court for further proceedings.

The parties are to bear their own costs on appeal.

**VACATED AND REMANDED.**